ACCEPTED
01-14-00694-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/16/2015 3:32:54 PM
CHRISTOPHER PRINE
CLERK

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/16/2015 3:32:54 PM
CHRISTOPHER A. PRINE
Clerk

# APPENDIX

# TAB A

# Motion for New Trial

# 2SCR.04-35

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/16/2015 3:32:54 PM
CHRISTOPHER PRINE
CLERK

Filed
6/11/2014 5:48:45 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Ana Pineda

NO. 13-DCV-204732

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| V. | § | 387TH JUDICIAL DISTRICT |
| | § | |
| YAOWAPA RATANA-APORN | § | |
| DEFENDANT. | § | OF FORT BEND COUNTY, TEXAS |

## COUNTER DEFENDANT'S MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE:

COME NOW, COUNTER-DEFENDANT DIOGU KALU DIOGU II LL.M. (referred to hereinafter as "Movant") files this Motion for New Trial and in support thereof, would respectfully show unto the Court as follows:

This Motion is not for purposes of delay only but so that justice may be done. Defendant timely filed this Motion and has shown that the Court does not have jurisdiction over Defendant and Counter-Plaintiff failed to properly serve Defendant with notice a setting of a bench trial. Further, the Court does not have jurisdiction over the subject matter because the cause of action raised in the First Amended Petition are moot and movant has absolute immunity from suit because the Counter petition is arose from facts contained in the Movant's Original Petition; further the court lack jurisdiction over the subject matter because Yaowapa does not own the property at issue in this case. The Court erred in denying the Counter Defendant's jury trial even though he had made a timely and appropriate jury demand by granting the Counter-Plaintiff a final judgment in a Bench trial. Finally, the Final judgment is void because the Judge should not have made ruling while motion to recuse her was pending.

In the alternative, Defendant satisfied the three elements of the *Craddock* test.

1

Specifically, Defendant did not receive proper notice of the setting of Bench Trial he satisfies the first Craddock element and need not prove a meritorious defense. Finally, Plaintiff will not suffer undue delay or injury because the case is still new. Further, the final judgment was result of extrinsic fraud in that Counter Plaintiff failed to disclose, that she sold the house at issue in June 2013 and that the filing and expunging the lis pendens in April 2013, did not constitute a cloud the title of the property in question clearly that fraud prevented the Counter Defendant from knowing about it and presenting his legal rights at trial.

## INTRODUCTION

1. This Motion for New Trial is filed with respect to all adverse rulings against Movant in the Final Judgment rendered in this cause on May 12th, 2014.

## JUSTICE REQUIRES THAT A NEW TRIAL BE GRANTED BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST AS A MATTER OF LAW

2. The filing of a motion of new trial is a matter of right and a new trial should be granted in this cause in the interest of justice. *See Old Republic Ins. Co. v. Scott*, 846 S.W.2d 832, 833 (Tex. 1993) and its progeny.

3. Justice requires that a new trial be granted because the Court erred in granting Final Judgment to the Counter-Plaintiff because the Court does not have jurisdiction over Movant and Counter-Plaintiff failed to properly serve Movant with a notice a setting of his case on a bench trial. The movant became aware of the bench trial for the first time, on or about April 23rd, 2014 at about 09:00 AM when he received a call from the Attorney for the Counter-Plaintiff informing him that a bench trial was set at 09:00 AM. Movant was surprised because as early as 08:30 AM, there was no indication of such setting on the Court's Computer website nor was there any indication of such setting. According to the District County Clerk for the 387th Court at 08:09 AM on April 23rd, 2014, who was reached on phone number (281) 238 3282, she stated that the above cause was not even on the docket on the day of the trial. Further on April 02nd, 2014 when the Movant inquired from the 387th Court's coordinator of any settings in April, she replied showing only one (1) setting. She did not indicate any bench trial setting for April 23rd, 2014. *SEE ATTACHED EXHIBIT "A" WHICH IS HEREBY INCORPORATED BY REFERENCE.*

4. It is well settled that once a defendant has made an appearance in a cause he is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment.

2

In re $475,001, 96 S.W.3d 625, 627 (Tex. App.-Houston [1st Dist.] 2002, no pet.) (citing Peralta, 485 U.S. at 86, 108 S. Ct. at 899-900). . A judgment is void where it is apparent that the court rendering the judgment had no jurisdiction over the parties or no jurisdiction of the subject matter. See Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990). Clearly, the Final Judgment is void should be set aside because Counter-Defendant did not receive proper notice of the trial setting

5. Justice requires that a new trial be granted because the Court erred in granting Counter-Plaintiff a final judgment because the cause of action raised in the live pleading, the First Amended Petition are moot. See *Jordan v. Landry's Seafood Restaurant, Inc.*, 89 S.W.3d 737, 741 (Tex. App.-Houston [1st Dist.] 2002, pet. denied); see also *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166-67 (Tex. 2012) (observing that case is moot if there ceases to be "a justiciable controversy between the parties-that is, if the issues presented are no longer live, or if the parties lack a legally cognizable interest in the outcome") "[A] suit can become moot at any time, including on appeal, and . . . courts have an obligation to take into account intervening events that may render a lawsuit moot." See *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166-67 (Tex. 2012). With exceptions not applicable to the instant proceeding, "a court cannot decide a case that has become moot during the pendency of the litigation." *Id.* at 162.

6. Counter-Plaintiff was a third party defendant to Movant's Original Petition for annulment of a marriage. *SEE ATTACHED EXHIBIT "B" MOVANT'S ORIGINAL PETITION WHICH IS ALREADY A PART OF THE RECORD IN THIS CASE.* Contained in that petition was motion for restraining Order. That motion raised the probability of the Counter-Plaintiff herein secreting her assets including her property which is at issue in this case out of the country and concealing them from the Movant herein. On the basis of that Temporary restraining Order, the Movant filed and recorded lis pendens as required by law. The lis pendens was expunged and/or released following the Movant's decision to abandon its motion for Temporary restraining order. Specifically, On April 10th, 2013 Plaintiff released, canceled, and annulled a notice of lis pendens filed against the Defendant. *SEE ATTACHED EXHIBIT "C"* On April 22nd, 2013, Counter-Plaintiff herein filed her counterclaim on matters that arose from the Plaintiff's Original Petition - a judicial proceeding in this case and the nonexistent lis pendens. *SEE ATTACHED "D" THE DEFENDANT'S FIRST AMENDED PETITION, WHICH IS ALREADY PART OF THE RECORD IN THIS CASE.* However, the trial Court committed error as a matter of law because it is well settled that that case is moot if there ceases to be "a justiciable controversy between the parties-that is, if the issues presented are no longer live, or if the parties lack a legally cognizable interest in the outcome. Movant herein incorporate all his relevant pleadings relating to the lis Pendens which are already part of the record in this case herein for all purposes as if set forth at length.

7. Justice requires that a new trial be granted because the Court erred in granting Counter-Plaintiff's Final Judgment on a Bench trial because she does not own the property at

3

3

issue in this case and the Court lacked jurisdiction over the subject matter. Standing is a constitutional prerequisite to suit. *Heckman*, 369 S.W.3d at 150. A court has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it. *Id.* If a plaintiff lacks standing to assert a claim, the court lacks jurisdiction over that claim and must dismiss it, and if the plaintiff lacks standing to bring any of its claims, the court must dismiss the whole action for want of jurisdiction. *Id.* at 150-51 In Texas, the standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court." *Heckman v. Williamson County*, 369 S.W.3d 137, 154 (Tex.2012). Injury is the first element for standing. *Id.* "The plaintiff must be personally injured—he must plead facts demonstrating that he, himself (rather than a third party or the public at large), suffered the injury." *Id.* at 155. The injury "must be concrete and particularized, actual or imminent, not hypothetical." *Id.*. Clearly was not the case because the Counter Plaintiff did not own the property at issue in this case. See Attached Exhibit "E" which is incorporated by reference in its entirety

8. The Court erred in granting Plaintiff Final Judgment on Bench trial by denying the Counter Defendant's jury trial even though he had made a timely and appropriate jury demand and by concluding in open Court that Movant's absolute right to nonsuit waived his right to a Jury trial. The Court in determining the law concluded that when the movant non suited the Counter-Plaintiff a few weeks back, he waived his right to Jury trial[1]

9. The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency. Tex. Const. art. I, § 15. To obtain a jury trial, a party must generally make a written request no less than thirty days before the date set for trial and pay the jury fee. TEX.R. CIV. P. 216. By the terms of rule 216, a party may waive its right to a jury if the party makes the request after the case is certified for trial and less than 30 days before trial. See Wright v. Brooks, 773 S.W.2d 649, 651 (Tex.App.-San Antonio 1989, writ denied) Williams v. Williams, 19 S.W.3d 544, 546 (Tex.App.-Fort Worth 2000, pet. denied) (holding not an abuse of discretion to deny jury request made on first day of hearing). The denial of a party's constitutional right to trial by jury constitutes reversible error. See McDaniel v. Yarbrough, 898 S.W.2d 251, 253 (Tex. 1995); see also Wittie v. Skees, 786 S.W.2d 464, 465 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (timely and appropriate jury demand entitles party to absolute right to a jury trial). A party may waive his right to jury trial by agreement for an arbitration and failure to demand jury trial and pay jury fee in a timely manner. That was not the case here. It is uncontroverted that Movant made timely and appropriate jury demand and paid the required fee over a year before the trial.

10. When a party agrees to have a dispute resolved through arbitration rather than a judicial proceeding, that party has waived its right to a jury trial. Massey v. Galvan, 822 S.W.2d 309, 318 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (holding appellants could

---

[1] Her ruling was not based on any existing law. It was a law promulgated by the trial Judge.

not claim they were entitled to jury trial after they submitted to arbitration and arbitrators made an award appellants felt was in error).See also attached Exhibit "F" 387th Judicial District Clerk's docket entry website attached herein by reference. Clearly, the Movant was entitled to trial by jury and did not waive his right to a jury trial. Also in our society trial judges do not make law.

11. The Court also erred in granting the Final Judgment to the Counter Plaintiff because the **Judge should not have made ruling while motion to recuse was pending.** The record establishes that the trial Judge was aware that Movant has filed a motion to reconsideration of the Second Administrative Judge's erroneous order denying the Movant's First motion to recuse the trail judge for engaging in ex-parte communication with the Counter-Plaintiff. The trial Judge was aware that a second motion/motion for reconsideration to recuse/disqualify her was pending when he signed the May 12th, 2014 Final Judgment for the Counter-Plaintiff herein. See attached Exhibit "G" Movant's motion to reconsideration of the Administrative Judge Erroneous Order, incorporated herein by reference in its entirety. Texas Rule of Civil Procedure 18a(c) requires a judge who declines to recuse to forward the recusal motion to the presiding judge of the administrative judicial region.[12] the Trail Judge did this as to the motion for reconsideration that tolled the first erroneous order. However, Rule 18a(c) further requires that the trial judge may make no further orders and take no further action prior to a hearing on the forwarded motion. The only exception provided by the Rule is if the further order states good cause for ruling notwithstanding the pending recusal motion. Here, the Judgment granting the Final Judgment to the Counter-Plaintiff does not in any way to the pending recusal motion, much less state good cause for why the Judgment was signed when the recusal motion was pending. Accordingly, the ay 12th 2014 Final Judgment is Void because it was signed in violation of Rule 18a. See Riga v. Commission for Lawyer Discipline (Tex.App.-Houston [1st Dist.] May 10, 2007) citing (Hudson v. Tex. Children's Hosp., 177 S.W.3d 232, 236-37 (Tex. App.-Houston [1st Dist.] 2005, no pet.)).

## CRADDOCK TEST

12. In the alternative, when a no-answer default judgment is rendered against a defendant after improper service, the defendant is not required to prove a meritorious defense to be entitled to a new trial. See Peralta v. Heights Med. Ctr., 485 U.S. 80, 85 (1988). Being that service was defective herein, Defendant does not need to prove anything else. Defendant is entitled to a new trial herein simply on the fatal service defect alone.

13. In the alternative and without admitting jurisdiction or proper notice of trial setting, Movant, satisfies the three-part Craddock test.

14. A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting

5

thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939); *see also Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992) - Failure to participate in Bench trial was Due to Accident or Mistake

15. The first element of *Craddock* is that the movant must establish that his failure to appear on a Bench trial was due to accident or mistake, not intentional or due to conscious indifference. - Mistake of law or relevant fact

16. A mistake of law or relevant fact may satisfy this first *Craddock* factor. *Bank One v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992). Here Diogu believed that participating in the Bench trial would constitute waiver of his constitutional right to Jury trial. See attached Exhibit "H". Here it was reasonable for Movant to believe that participating in the bench trial will constitute a waiver.) - Relying on a constitutionally guaranteed right is not conscious disregard

17. There is no conscious disregard where Diogu was in a reasonable fear of losing his constitutional right to a Jury trial by participating in a bench trial. - Movant is not required to show "free from negligence"

18. A defendant's or defense counsel's negligence alone will not preclude setting aside a default judgment and, in fact, a "slight excuse" may justify granting a new trial. See, e.g., *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966)(rejecting "free from negligence standard"); *Jackson v. Mares*, 802 S.W.2d 48, 51 (Tex. App.—Corpus Christi 1990, writ denied) (defendant not required to show "free from negligence"); *Ferguson & Co. v. Roll*, 776 S.W.2d 692, 697 (Tex. App.—Dallas 1989, no writ) (analyzing *Grissom v. Watson*, 704 S.W.2d 325, 327 (Tex. 1986) and concluding it did not intend to modify long standing rule that negligence will not preclude the setting aside of a default judgment); *Gotcher*, 757 S.W.2d at 402 (citing cases and stating that it is "settled law in Texas" that negligence al alone will not preclude setting aside default judgment); *National Rigging, Inc. v. San Antonio*, 657 S.W.2d 171, 173 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.) (new trial warranted despite fact that excuse concerning confusion over necessity to file answer was "certainly very slight"). For the defaulted defendant's negligence to rise to the level of conscious indifference, it must be shown that the defendant was clearly aware of the situation and acted contrary to what such awareness dictated. *See Guardsman Life Ins. Co. v. Andrade*, 745 S.W.2d 404, 405 (Tex. App.—Houston [1 Dist.] 1987, writ denied) (reversing for new trial and holding defense counsel's admitted negligence did not rise to level of conscious indifference).

19. Although Movant doesn't admit negligence in his handling the Bench trial should the Court determine that Movant was negligent, such negligence cannot uphold the default judgment herein. Given what Movant knew (or didn't know), Movant acted accordingly and thus did not intentionally or with conscious disregard fail to participate in non-jury/bench trial. - No good excuse is acceptable, therefore Defendant satisfied first

6

Craddock element

20. The Texas Supreme Court held that "an excuse need not be a good one to suffice." Fidelity & Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d 571, 574 (Tex.2006) ("[T]he Craddock standard is one of intentional or conscious indifference-that the defendant knew it was sued but did not care."). It is clear from the evidence presented with this Motion that Movant cared about the suit and did not ignore it. Movant has satisfied the first element of the Craddock test.

## MOVANT MUST HAVE MERITORIOUS DEFENSE

21. The second element of Craddock requires the defendant moving for a new trial after a default judgment to "set up" a meritorious defense – i.e., defendant need not prove a meritorious defense in the usual sense. Defendant merely must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff and such must be supported by affidavits or other evidence proving such a defense prima facie. Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex. 1966). Ritter v. Wiggins, 756 S.W.2d 861, 863 (Tex. App.–Austin 1988, no writ). However, the trial court may not try defensive issues in deciding whether to set aside the default and should not consider counter affidavits or conflicting testimony attempting to refute the movant's factual allegations as to a meritorious defense. Estate of Pollack v. McMurrey, 858 S.W.2d 388, 392 (Tex. 1993).

22. Movant has a meritorious defense. A meritorious defense is one that, if proved, would cause a different result on retrial, although not necessarily the opposite result. Liepelt v. Oliveira, 818 S.W.2d 75, 77 (Tex. App.–Corpus Christi 1991, no writ). Defendant doesn't have to show that Plaintiff would lose or Defendant would win, but merely that a different result could occur.

23. Movant has a meritorious defense because at the time the live pleading was filed, there was no lis pendens. And for almost a year and at the time of the Bench Trial, Counter-Plaintiff have not have standing to bring and/or continue pursuing the claim because she does not own the property that the subject of the lis pends and her lawsuit.

24. The Court should set aside this default judgment because the alleged fraud prevented the Diogu from knowing about and presenting his legal rights at trial. See Montgomery v. Kennedy, 669 S.W.2d 309, 313 (Tex.1984) Thus, "the concealment of a material fact .......is extrinsic fraud." Id. "The controlling question is always whether the alleged fraud prevented the party from knowing about and presenting his legal rights at trial." Id.

## PLAINTIFF WILL NOT INCUR DELAY OR INJURY IF NEW TRIAL GRANTED

25. The third element of Craddock requires a movant to demonstrate that setting aside the default judgment would not cause a delay or otherwise injure the plaintiff. Once a movant makes that representation in its motion, the burden of going forward with proof of injury shifts to the plaintiff because these are matters particularly within his knowledge. Angelo v.

Champion Restaurant Equip. Co., 713 S.W.2d 96, 98 (Tex. 1986). If plaintiff fails to do so, defendant has met the third element of Craddock. Estate of Pollack, 858 S.W.2d at 393. However, the plaintiff's loss of the economic benefit derived from the entry of the default judgment or the potential bankruptcy by defendant do not constitute hardship or delay that will bar granting a new trial. Jackson v. Mares, 802 S.W.2d 48, 52 (Tex. App.–Corpus Christi 1990, writ denied)

26. In applying Craddock, courts of appeals have often found it necessary for the defendant to offer to reimburse the plaintiff for costs involved in obtaining the default judgment as a prerequisite to ordering a new trial. Angelo, 713 S.W.2d at 98 (citing cases). In addition, to ensure that the party recovering the default judgment is not prejudiced by delay, courts have generally looked more favorably upon defendants ready, willing, and able to go to trial almost immediately. Id. In a footnote in Director, State Employees Workers' Compensation Div. v. Evans, 889 S.W.2d at 270 n.3, the Texas Supreme Court acknowledged its previous stance that the willingness of a party to go to trial immediately and pay the expenses of the default judgment are important factors for the trial court to consider when deciding whether to grant a new trial, but they are not dispositive. See also Angelo, 713 S.W.2d at 98 (such factors not the sine qua non of granting the motion for new trial); Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987). More importantly, a conditional grant of a motion for new trial based upon a party's payment of costs, such as attorney's fees or witness and travel expenses, is well within the trial court's discretion. Allied Rent-All, Inc. v. International Rental Ins., 764 S.W.2d 11, 13 (Tex. App.–Houston [14 Dist.] 1988, no writ) (also within trial court's discretion to deny motion in event expenses upon which motion conditioned are not paid). The reimbursable expenses must be reasonable, and an offer by defendant to pay plaintiff's expenses does not give plaintiff license to recover anything other than reasonable expenses actually incurred in obtaining the default. Stone Resources, Inc. v. Barnett, 661 S.W.2d 148, 152 (Tex. App.–Houston [1 Dist.] 1983, no writ).

27. Assuming that the Court overrules Movants numerous objections to jurisdiction and proper notice of trial setting and thus decides this motion based on the Craddock test, Defendant is willing to go to a jury trial immediately.

## NO UNDUE DELAY OR INJURY CAUSED BY NEW TRIAL

28. Counter Plaintiff also has the burden of going forward with proof controverting Movant's allegations that a new trial would cause hardship or undue delay. First State Bldg & Loan Ass'n v. B. L. Nelson & Assoc., Inc., 735 S.W.2d 287, 289 (Tex. App.–Dallas 1987, no writ). Obviously, vacating a final default judgment and granting a new trial will invariably delay final resolution of a case and, if it results in an eventual victory for defendant, will operate to injure plaintiff. Consequently, in evaluating whether the delay to plaintiff occasioned by granting a new trial is unacceptably excessive, the trial court must engage in a case-by-case analysis in an attempt to achieve equity. See Angelo, 713 S.W.2d at 98. At the very least, plaintiff should be required to show that the granting of the new trial would

8

cause delay.

## FINAL JUDGMENT SHOULD BE SET ASIDE FOR EXTRINSIC FRAUD AND PERJURY BY THE COUNTER-PLAINTIFF AND HER ATTORNEY

29. Furthermore, Counter-Plaintiff and her attorney committed fraud on the Movant and the Court when they failed to disclose that she sold the property at issue in this case sometime in June of 2013 and the nonexistent lis pendens did constitute a cloud on the property at the time it was sold. Furthermore, the Attorney for the Counter-plaintiff presented a false and perjured testimony when he stated that the non-existent lis pendens constituted a cloud her property when he knew was not true in that the Counter-Plaintiff do not own the property nor did the purported lis pendens cloud any title.

30. The Texas Supreme Court has held that "in the context of a fiduciary's duty of full disclosure, in a suit to partition or divide assets, the fraudulent concealment of an asset is extrinsic fraud that will justify a court in setting aside its former judgment in an equitable proceeding." Montgomery v. Kennedy, 669 S.W.2d 309, 313 (Tex.1984))(emphasis in original).Thus, "the concealment of a material ....... As in this case is extrinsic fraud." Id. That prevented or would have prevented the party from knowing about and presenting his legal rights at trial." Id. at 314

31. Clearly in this case, a new trial herein will not cause Plaintiff to incur undue delay or injury. It has been only 29 days since the Judgment was entered. There is nothing unusual about this case that would cause Plaintiff any disadvantage upon retrial, and thus the Defendant has met the third element of the Craddock test.

32. Movant herein asks the Court to take judicial notice of the entire file under this cause.

33. Movant further attaches as exhibits by reference all his relevant pleading pertaining to his motion for new trial which is already part of the record in the case by reference in their entirety.

WHEREFORE MOVANT, Diogu Kalu Diogu II, LL.M. pray that this Court set aside the Final Judgment dated May 12th, 2014 and to order a new trial and for all such other and further relief, at law or in equity to which Movants may be justly entitled.

Respectfully submitted,

By: _____ /S/ _____.

Diogu Kalu Diogu II, LL.M.
Texas Bar No. 24000340
P.O. Box 994
Fulshear, Texas 77441

9

Tel. (713) 791 3225
Fax. (832) 408-7611

## CERTIFICATE OF SERVICE

I certify that on June 11th, 2014, a true and correct copy of Plaintiff's motion for new trial was served on all parties and attorney of record in this case as required by Texas Rules of Civil Procedure

/S/
Diogu Kalu Diogu II, LL.M.



10

10

NO. 13-DCV-204732

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| V. | § | 387TH JUDICIAL DISTRICT |
| | § | |
| YAOWAPA RATANA APORN | § | |
| DEFENDANT | § | OF FORT BEND COUNTY, TEXAS |

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF FORT BEND | § |

Before me, the undersigned notary, on this day, personally appeared Diogu Kalu Diogu II, LL.M. a person whose identity is known to me. After I administered an oath to him upon his oath, he said he read the Motion for New Trial and that the facts stated in it are within his personal knowledge and are true and correct.



Diogu Kalu Diogu II, LL.M.

State of Texas County of Fort Bend

Sworn to and subscribed before me this 9th day of July, 20 14



Notary Public

DIANA GORDON OFFORD
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 10-24-2016

(11)

# EXHIBIT "A"
## EMAIL COMMUNICATION WITH THE 387TH COURT COORDINATOR

12

"/A"/

## Gm i

Diogu K. Diogu II <diogu.diogu.law.firm@gmail.com>

## NO. 13-DCV-204732
18 messages

**Diogu K. Diogu II** <diogu.diogu.law.firm@gmail.com>                    Tue, Mar 4, 2014 at 1:36 PM
To: "Stephens, Allyson" <allyson.stephens@co.fort-bend.tx.us>

Dear Allyson,

Good afternoon.

I would like to pass my Motion for Summary Judgment and Sanction set for hearing on March 05th, 2014 in the above course.

I will like to reset them in addition to a motion to dismiss for lack of subject matter Jurisdiction on April 3rd, 2014.

Thanks for your cooperation as always.

—
Diogu (Mark) K. Diogu II. PE (Aerospace Engineering); JD. LL.M. (Intellectual Property Law)

NOTICE OF CONFIDENTIALITY: This email is legally protected from disclosure by laws relating to attorney-client privilege. attorney work-product, or privileged party communication. This communication is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged. confidential, and exempt from disclosure under applicable law. If you are not the intended recipient of this information please contact the sender at (713) 791-3225 and you are notified that any use, dissemination, distribution, or copying of the communication is strictly prohibited, and requested to reply hereto or notify sender by other immediate means of the mistaken delivery.

IRS Circular 230 Disclosure (U.S. Federal Tax Advice): To ensure compliance with the requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or manor addressed.

**Stephens, Allyson** <Allyson.Stephens@fortbendcountytx.gov>                    Tue, Mar 4, 2014 at 2:18 PM
To: "Diogu K. Diogu II" <diogu.diogu.law.firm@gmail.com>

Hearing passed. However, April 3 is not a good date. Can reset to April 7

Mary Ann

## PLEASE READ - IMPORTANT NOTICE REGARDING HEARING DATES

Please e-mail the Court Coordinator to get a hearing date **BEFORE** filing your pleadings on cases that are already pending in this Court. You must write the date/time in your Notice of Hearing, TRO or Order to Appear and then file it with the District Clerk. Not following this procedure could result in another date being given to your pleadings, other than the one you have chosen. It is the Court's policy on any

13

1.    On an existing case, please secure your date from the Court before e-filing any paperwork with the District Clerk and then be sure to fill in your Notice of Hearing/Order to Appear with that date and time. Don't leave blanks for the date and time.

2.    On a new case, at the bottom of your e-file screen, use the "Comments" section to list dates that are good for your office to set your hearing; or, e-file a cover letter and list your dates in it.

3.    If you don't give the Court some suggested dates, the Court will assign a date.   If the date does not work for you, you will have to re-file your paperwork with the District Clerk with the new date, costing you another fee.

DEAD WEEKS FOR 2014:

June 2-6

December 24-January 2, 2015

There will be no hearings set on the Court's dockets during Dead Weeks and no uncontested matters will be heard.

**From:** Diogu K. Diogu II [mailto:diogu.diogu.law.firm@gmail.com]
**Sent:** Friday, March 14, 2014 4:56 PM

[Quoted text hidden]

[Quoted text hidden]

---

**Diogu K. Diogu II** <diogu.diogu.law.firm@gmail.com>                    Mon, Mar 17, 2014 at 8:01 AM
To: Allyson Stephens <Allyson.Stephens@fortbendcountytx.gov>

Thanks Allyson and have a great day.
Regards
DIOGU

[Quoted text hidden]

---

**Diogu K. Diogu II** <diogu.diogu.law.firm@gmail.com>                    Wed, Apr 2, 2014 at 12:30 PM
To: Allyson Stephens <Allyson.Stephens@fortbendcountytx.gov>

Good Morning Ms. Allyson:

Would you please send me the settings in this case.

14

Some of my witnesses may have conflicts.

Thanks again
Regards
Diogu

[Quoted text hidden]

---

**Stephens, Allyson** <Allyson.Stephens@fortbendcountytx.gov>

Wed, Apr 2, 2014 at 1:22 PM

To: "Diogu K. Diogu II" <diogu.diogu.law.firm@gmail.com>

4/14 9:00

PLEASE TAKE NOTE OF THE FOLLOWING

1.    On an existing case, please secure your date from the Court before e-filing any paperwork with the District Clerk and then be sure to fill in your Notice of Hearing/Order to Appear with that date and time. Don't leave blanks for the date and time.

2.    On a new case, at the bottom of your e-file screen, use the "Comments" section to list dates that are good for your office to set your hearing; or, e-file a cover letter and list your dates in it.

3.   If you don't give the Court some suggested dates, the Court will assign a date.    If the date does not work for you, you will have to re-file your paperwork with the District Clerk with the new date, costing you another fee.

DEAD WEEKS FOR 2014:

June 2-6

December 24-January 2, 2015

There will be no hearings set on the Court's dockets during Dead Weeks and no uncontested matters will be heard.

**From:** Diogu K. Diogu II [mailto:diogu.diogu.law.firm@gmail.com]
**Sent:** Wednesday, April 02, 2014 12:31 PM

[Quoted text hidden]

[Quoted text hidden]

15

EXHIBIT "B"

MOVANT'S ORIGINAL PETITION WHICH IS ALREADY A
PART OF THE RECORD IN THIS CASE.

16

EXHIBIT "C"

RELEASED LIS PENDENS



17



"C"

# NOTICE OF RELEASE OF LIS PENDENS ON LOT TWENTY THREE (23) IN BLOCKS ONE (1) OF CINCO RANCH GREENWAY VILLAGE BY ATTORNEY DIOGU KALU DIOGU II LL.M

STATE OF TEXAS §
§
COUNTY OF FORT BEND §     KNOW ALL MEN BY THESE PRESENTS

THE LIS PENDENS FILED BY THE UNDERSIGNED ON 10TH DAY OF MARCH 2013 AND FILED OF RECORD WITH THE COUNTY CLERK OF FORT BEND COUNTY; TEXAS, IS RELEASED, CANCELED, AND ANNULLED AS TO THE FOLLOWING DESCRIBED PROPERTY LOCATED AT 23323 ENCHANTED LANDING LN, KATY, TX 77494-7575 AND DESCRIBED AS FOLLOWS:

> LOT TWENTY THREE (23) IN BLOCK ONE (1) OF CINCO RANCH GREENWAY VILLAGE, SECTION NINE (9), A SUBDIVISION IN FORT BEND COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER SLIDE NO(S) 1550/B,1551/A AND 1551/B OF THE PLAT RECORD OF FORT BEND COUNTY, TEXAS. OWNED BY YAOWAPA RATANA- APORN

STATE OF TEXAS §
§
COUNTY OF FORT BEND §

BEFORE ME, the undersigned authority, on this day personally appeared Diogu Kalu Diogu II, LL.M Attorney known to me to the person whose name is subscribed the foregoing instrument, and acknowledged to me that he/she executed the same for the purpose and consideration herein expressed.

_____
Affiant    DIOGU KALU DIOGU II LL.M.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, on APRIL 09TH 2013

_____
Notary Public, State of Texas

DIANA GORDON OFFORD
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 10-24-2016

1

18

**AFTER RECORDING RETURN TO:**

**PREPARED BY THE LAW OFFICE OF:**

DIOGU KALU DIOGU II
4726 GAINSBOROUGH DRIVE
BROOKSHIRE
TEXAS 77423

DIOGU KALU DIOGU II, LL.M.
P.O. BOX 994
FULSHEAR
TEXAS 77441

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

*Dianne Wilson*

Dianne Wilson, County Clerk
Fort Bend County, Texas

April 09, 2013  01:09:51 PM

FEE: $15.00 JH
RELEASE

2013042087

@
Counter

2
19

*EXHIBIT "D"*

COUNTER PLAINTIFF FIRST AMENDED PETITION,
WHICH IS ALREADY PART OF THE RECORD IN THIS
CASE – THE LIVE PLEADING OF THE TRIAL

20

# EXHIBIT "E"

## AFFIDAVIT OF DUE DILIGENCE



21

"D"

# AFFIDAVIT OF DUE DILIGENCE

Cause No.
14-DCV-214343

Diogu Kalu Diogu, II, LL.M.,
    Plaintiff

VS.

Lot Twenty-Three (23) In Block One (1) of Cinco
Ranch Greenway Village, Section Nine (9) A
Subdivision in Fort Bend County, Texas
According to the Map or Plat thereof Recorded
Under Slide No(s) 1550/B, 1551/A and 1551/B of
The Plat Record of Fort Bend County, Texas and
Yaowapa Ratan-Aporn,
    Defendants

In the District Court
240th Judicial District
Fort Bend County, Texas

Attorney for the Plaintiff:
DIOGU KALU DIOGU, II., LL.M.    TBA # 24000340
Diogu Law Firm
P. O. Box 994
Fulshear, Texas 77441
Phone: (713) 791-3225

Received by ASAP Civil Process Services on the 2nd day of May, 2014 at 6:00 PM to be served on YAOWAPA RATAN-APORN, 23323 Enchanted Landing, Katy, Texas 77494.

I, JOE A. FLORES, SCH 5792, Expires 4/30/2016, being duly sworn, depose and say that on the 8th day of May, 2014 at 5:30 PM.

I am unable to deliver the PLAINTIFF'S ORIGINAL PETITION to YAOWAPA RATAN-APORN, 23323 Enchanted Landing, Katy, Texas 77494 for the following reasons detailed in the comments below:

Additional information pertaining to this service:

5/3, 10:55 am – No answer, no noises, no lights, no vehicles in driveway. Curtains placed on inside front door entry, unable to view inside;

5/3, 6:50 pm – No answer, no noises, no lights, no vehicles in driveway, UPS package outside door addressed to Chung Yuan Lee;

5/3, 8:30 pm – No answer, no noises, no lights, no vehicles in driveway, UPS package still outside.

5/6, 7:20 pm – An Asian male, approximate age 35, 5'6", black hair, no glasses, answered door, said his name is Chung Lee, owner of home, is an attorney with office downtown Houston. He stated Yaowapa Ratan-Aporn does not live at this home. He claims to have purchased home from Yaowapa Ratan-Aporn approximately a year ago. His understanding was she is a widow, sold home to move to Thailand, has not heard from her since purchasing the home.

Page 1 of 2 _____

Affidavit of Due Dilligence, Yaowapa Ratan-Aporn

22

Asked him if he is related to her, said. "No. The name sounds like it could be Thai. Neither my wife or I am Thai." Asked him if he has forwarding address, phone number or information for Yaowapa, said he did not. Asked next door neighbors if they knew neighbors, said no, but that they were new homeowners of at least a year.

5/7, 9:00 am – Fort Bend County Appraisal District lists Chung Lee and Carlin Ho as homeowners.

5/7, 9:45 am – Researched name of Chung Lee on web, results being that he is an attorney at law, offices located at 1305 Prairie Street # 320, Houston, TX 77002, Phone: 713-482-9028.

I am over the age of 18, and am not a party to nor interested in the outcome of the above styled and numbered cause. I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct. I am a certified process server in the State of Texas, authorized to serve process in the court where this case is pending.

Subscribed and Sworn to before me on the
14 day of May , 2014 by the
Affiant who is personally known to me.

_____
Notary Public in and for the State of Texas

JOE A. FLORES. Process Server
SCH # 5792, Expires: 04/30/2016
ASAP Civil Process Services
326 Coppersmith Drive
Katy, Texas 77450
Phone: (281) 217-6022

SANDRA LYNN FLORES
Notary Public, State of Texas
My Commission Expires
June 25, 2017

Page 2 of 2 _____

Affidavit of Due Dilligence, Yaowapa Ratan-Aporn

EXHIBIT "G"

MOVANT'S MOTION TO RECONSIDERATION OF THE
ADMINISTRATIVE JUDGE ERRONEOUS ORDER,
INCORPORATED HEREIN BY REFERENCE IN ITS
ENTIRETY ALREADY A PART OF THE RECORD HEREIN

24

EXHIBIT "H"

MOTION TO STRIKE NON JURY TRIAL ATTACHED BY
REFERENCE AS ALREADY PART OF THE COURT IN THIS
CASE



25

# EXHIBIT "F"

## 387TH JUDICIAL DISTRICT CLERK'S DOCKET ENTRY WEBSITE



26

## REGISTER OF ACTIONS
### CASE NO. 13-DCV-204732

| | | |
|---|---|---|
| In the Matter of the Marriage of Diogu Kalu Diogu II and Thitiphasr Charoentheerasak vs Ms. Yaowapa Ratana-Aporn | § § § § § | Case Type:  Divorce - No Children  Date Filed:  03/08/2013  Location:  387th District Court |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Co-Defendant | Ratana-Aporn, Ms. Yaowapa  Katy, TX 77494 | Mario Martinez  *Retained*  281-665-7924(W) |
| Counter-Defendant | Diogu II, Diogu Kalu | |
| Counter-Plaintiff | Ratana-Aporn, Ms. Yaowapa  Katy, TX 77494 | Mario Martinez  *Retained*  281-665-7924(W) |
| Defendant or Respondent | Charoentheerasak, Thitiphasr  Houston, TX 77063 | Diogu Kalu Diogu, II  *Retained*  713-791-3225(W) |
| Defendant or Respondent | Ratana-Aporn, Ms. Yaowapa  Katy, TX 77494  Removed: 03/08/2013  Other | Mario Martinez  *Retained*  281-665-7924(W) |
| Plaintiff or Petitioner | Charoentheerasak, Thitiphasr  Houston, TX 77063  Removed: 03/08/2013  Other | Diogu Kalu Diogu, II  *Retained*  713-791-3225(W) |
| Plaintiff or Petitioner | Diogu II, Diogu Kalu | |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 03/08/2013 | Original Petition     Doc ID# 1 | |
| | *Original Petition to Annul Marriage, Fraud and Conspiracy; Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction* | |
| 03/08/2013 | Docket Sheet | |
| 03/08/2013 | Temporary Restraining Order     Doc ID# 2 | |
| | *Temporary Restraining Order* | |
| | *2 pages* | |
| 03/08/2013 | Letters | |
| | *Request for Process* | |
| 03/11/2013 | Issuance     Doc ID# 3 | |
| | *Citation to Thitiphasr Charoentheerasak* | |
| 03/11/2013 | Citation | |
| | *Hold for Pickup* | |
| | Charoentheerasak, Thitiphasr | Unserved |
| 03/11/2013 | Issuance     Doc ID# 4 | |
| | *Precept to Thitiphasr Charoentheerasak* | |
| 03/11/2013 | Precept | |
| | *Hold for Pickup* | |
| | Charoentheerasak, Thitiphasr | Unserved |
| 03/11/2013 | Issuance - TRO/INJ/Show Cause Issued     Doc ID# 5 | |
| | *TRO to Thitiphasr Charoentheerasak* | |
| 03/11/2013 | Temporary Restraining Orders | |
| | *Hold for Pickup* | |
| | Charoentheerasak, Thitiphasr | Unserved |
| 03/11/2013 | Letter from Clerk | |
| | *Attachment Notice* | |
| 03/11/2013 | Issuance     Doc ID# 6 | |
| | *Citation to Ms Yaowapa Ratana-Apren* | |
| 03/11/2013 | Citation | |
| | *Hold for Pickup* | |



| | | Ratana-Aprn, Ms. Yaowapa | Served | 03/11/2013 |
| | | | Returned | 03/15/2013 |

03/11/2013 Issuance    Doc ID# 7
    *Precept to Ms Yaowapa Ratana-Apren*

03/11/2013 Precept
    *Hold for Pickup*

| | Ratana-Aprn, Ms. Yaowapa | Unserved |

03/11/2013 Issuance - TRO/INJ/Show Cause Issued    Doc ID# 8
    *TRO to Ms Yaowapa Ratana-Apren*

03/11/2013 Temporary Restraining Orders
    *Hold for Pickup*

| | Ratana-Aprn, Ms. Yaowapa | Unserved |

03/11/2013 Letter from Clerk
    *Attachment Notice*

03/18/2013 Temporary Orders Hearing (9:00 AM) (Judicial Officer Mullinix, Brenda G)

03/18/2013 Order    Doc ID# 9
    *Order Quashing Petitioner's Subpoena of Souri Sisavath and Protective Order*

03/18/2013 Motion    Doc ID# 10
    *Souri Sisavath's Objection to Petitioner's Subpoena and Motion for Protection*

03/18/2013 Subpoena    Doc ID# 11
    *Subpoena Issued to Ms. Souri Sisavath by Diogu Kalu Diogu, Ii - NOT PREPARED BY DC OFFICE*

03/21/2013 Notice    Doc ID# 12
    *Notice of Hearing*

03/21/2013 Amended    Doc ID# 13
    *Amended Original Petition to Annul Marriage, Fraud, Conspiracy, Invasion of Privacy, and Intentional Infliction of Emotional Distress; Application*
    *for Temporary Restraining Order, Temporary Injunction and Permanent Injunction and Request for Disclosure*

03/25/2013 Temporary Orders Hearing (9:00 AM) (Judicial Officer Mullinix, Brenda G)

03/25/2013 Answer    Doc ID# 14
    *Answer of Respondent and Co-Respondent*

03/25/2013 Motion    Doc ID# 15
    *Motion for Alternative Service*

03/25/2013 Affidavit    Doc ID# 16
    *Affidavit of Due Diligence*

03/25/2013 Unsigned Order    Doc ID# 17
    *Order on Motion for Alternative Service*

03/26/2013 Notice    Doc ID# 18
    *Notice to Clerk*

03/27/2013 Application    Doc ID# 19
    *Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction (Jury Demand)*

03/27/2013 Unsigned Order    Doc ID# 20
    *Temporary Restraining Order (Denied)*
    *3 pages*

03/27/2013 Motion    Doc ID# 21
    *Plaintiff's Motion for Contempt and Notice for Emergency Hearing*

03/27/2013 Unsigned Order    Doc ID# 22
    *Judgment of Contempt and Order of Commitment*
    *2 pages*

03/27/2013 Order    Doc ID# 23
    *Order to Show Cause*
    *1 pages*

03/27/2013 Letters
    *Request for Process*

03/28/2013 Issuance    Doc ID# 24
    *Precept to Thitiphasr Charoentheerasak*

03/28/2013 Issuance    Doc ID# 25
    *Precept to Yaowapa Ratana-Aporn*

03/28/2013 Precept
    *Customer Service*

| | Charoentheerasak, Thitiphasr | Returned Unserved | 04/08/2013 |
| | | Returned | 04/08/2013 |

03/28/2013 Precept
    *Customer Service*

| | Ratana-Aporn, Ms. Yaowapa | Served | 03/29/2013 |
| | | Returned | 04/08/2013 |

03/28/2013 Letter from Clerk
    *Attachment Letter*

03/28/2013 Jury Demand    Doc ID# 26
    *Jury Demand*

04/03/2013 Motion    Doc ID# 27
    *Motion for Sanctions for Failure to Serve and Making False Statement to the Court; and First Amended Motion for Contempt for Failure to Serve*
    *as Ordered by the Court on the Plaintiff*

04/03/2013 Unsigned Order    Doc ID# 28
    *Order Imposing Sanctions and Judgment of Contempt*
    *2 pages*

04/03/2013 Unsigned Order    Doc ID# 29
    *Judgment of Contempt*
    *3 pages*

04/08/2013 Temporary Orders Hearing (9:00 AM) (Judicial Officer Perwin, David S)

04/08/2013 Subpoena    Doc ID# 30
    *Subpoena Issued to Yaowapa Ratana Aporn on 03/26/2013 by Diogu Diogu Ii*

04/08/2013 Subpoena    Doc ID# 31
    *Subpoena Issued to Ms. Thitiphasr on 03/28/2013 by Diogu Diogu*

04/08/2013 Subpoena    Doc ID# 32
    *Subpoena Issued to Manager, Postal and Copy Center on 03/29/2013 by Diogu Diogu*

28

| 04/09/2013 | **Notice**     Doc ID# 33 |
|---|---|
| | *Proof of Notice Sent* |
| 04/15/2013 | **Motion**     Doc ID# 34 |
| | *Agree Motion for Nonsuit and Voluntary Dismissal of all Claims Against Thitiphasr Charoentheerasak* |
| 04/16/2013 | **Certified Copy** |
| | *Certified Copy of Divorce Decree mailed to Stacey Moore-Lewis 2013-12187-DCLK* |
| 04/17/2013 | **Dismissed by Plaintiff/Non-Suit**     Doc ID# 35 |
| | *Agreed Order for Nonsuit and Voluntary Dismissal of All Claims Against Thitiphasr Charoentheerasak* |
| 04/18/2013 | **Unsigned Order**     Doc ID# 36 |
| | *Order Granting Change of Name of Adult* |
| 04/18/2013 | **Motion**     Doc ID# 37 |
| | *Motion for Change of Name of Adult* |
| 04/22/2013 | **Counter Claim - Family**     Doc ID# 38 |
| | *First Amended Answer and Original Counter Claim of Third Party Defendant Yaowapa Ratana-Aporn* |
| 04/22/2013 | **Letters** |
| | *Cover Letter* |
| 04/22/2013 | **Notice**     Doc ID# 39 |
| | *Notice of Appearance of Third Party Defendant Yaowapa Ratan-Aporn's Counsel* |
| 04/29/2013 | **Temporary Orders Hearing**  (9:00 AM) (Judicial Officer Mullinix, Brenda G) |
| 05/02/2013 | **M/Hearing**  (9:00 AM) (Judicial Officer Mullinix, Brenda G) |
| 07/01/2013 | **Certificate**     Doc ID# 40 |
| | *Plaintiff's Certificate of Written Discovery* |
| 07/08/2013 | **Letters** |
| | *Cover Letter* |
| 07/08/2013 | **Motion**     Doc ID# 41 |
| | *Third Party Respondent and Counter Plaintiff's Motion to Compel and Request for Attorney's Fees Against Petitioner Diogu Kalu Diogu II* |
| 07/25/2013 | **Notice**     Doc ID# 43 |
| | *Notice of Hearing for Third Party Defendant Yaowapa Ratana-Aporn's Motion to Compel Diogu Kalu Diogu II* |
| 08/19/2013 | **Motion**     Doc ID# 44 |
| | *Plaintiff's Motion For Sanctions And Stay Of Discovery with Notice of Hearing* |
| 08/22/2013 | **Order**     Doc ID# 42 |
| | *Counter Plaintiff's Motion to Compel and Request for Attorney's Fees Against Petitioner Diogu Kalu Diogu II* |
| | *2 pages* |
| 08/22/2013 | **M/Hearing**  (9:00 AM) (Judicial Officer Mullinix, Brenda G) |
| 10/04/2013 | **Motion**     Doc ID# 45 |
| | *Third Party Defendant Yaowapa Ratana Aporn's Motion for Summary Judgment on Traditional and No Evidence Grounds* |
| 10/04/2013 | **Unsigned Order**     Doc ID# 46 |
| | *Order on Third Party Defendant Yaowapa Ratana Aporn's Motion for Summary Judgment on Traditional and No Evidence Grounds* |
| 10/04/2013 | **Notice**     Doc ID# 47 |
| | *Notice of Hearing* |
| 10/30/2013 | **Motion**     Doc ID# 48 |
| | *Motion for Nonsuit* |
| 10/30/2013 | **Order Disposing Post Judgment**     Doc ID# 49 |
| | *Order for Nonsuit and Voluntary Dismissal of all Claims* |
| 10/31/2013 | **M/Hearing**  (9:00 AM) (Judicial Officer Mullinix, Brenda G) |
| 12/26/2013 | **Letters** |
| | *Fax Cover Letter* |
| 12/26/2013 | **Notice**     Doc ID# 50 |
| | *Notice of Unavailability* |
| 12/31/2013 | **Notice**     Doc ID# 51 |
| | *Amended Notice of Address Change* |
| 02/03/2014 | **Motion**     Doc ID# 52 |
| | *Counter Plaintiff's Motion to Compel Mediation or Enter Trial Date* |
| 02/03/2014 | **Unsigned Order**     Doc ID# 53 |
| | *Order on Counter Plaintiff's Motion to Compel Mediation or Trial Date* |
| 02/03/2014 | **Notice**     Doc ID# 54 |
| | *Notice of Hearing for Counter Claimant's Motion to Compel Mediation or Trial Date* |
| 02/03/2014 | **Letters** |
| | *E-Filing Cover Letter* |
| 02/12/2014 | **M/Compel**  (9:00 AM) (Judicial Officer Mullinix, Brenda G) |
| 02/12/2014 | **Motion**     Doc ID# 55 |
| | *Plaintiff's Motion for Sanction with Notice of Hearing* |
| 02/12/2014 | **Motion**     Doc ID# 56 |
| | *Plaintiff's Motion for No Evidence Summary Judgement with Notice of Hearing* |
| 02/12/2014 | **Unsigned Order**     Doc ID# 57 |
| | *Order Granting Plaintiff's Motion for No Evidence Summary Judgment* |
| 02/12/2014 | **Letters** |
| | *E-Filing Cover Letter* |
| 02/28/2014 | **Response**     Doc ID# 58 |
| | *Counter Plaintiff's Response to Counter Defendant's No Evidence Summary judgment* |
| 02/28/2014 | **Unsigned Order**     Doc ID# 59 |
| | *Order on Counter Defendant's No Evidence Summary Judgment* |
| 02/28/2014 | **Letters** |
| | *E-Filing Cover Letter* |
| 03/05/2014 | CANCELED  **M/Hearing**  (9:00 AM) (Judicial Officer Mullinix, Brenda G) |
| | *Passed* |
| 03/05/2014 | **Motion**     Doc ID# 60 |
| | *Third Party Defendant Yaowapa Ratana Aporn's Motion to Quash and Motion for Protection from Hearing Date* |
| 03/05/2014 | **Letters** |
| | *E-filing Cover Letter* |
| 03/18/2014 | **Motion**     Doc ID# 61 |
| | *Counter Defendant's Motion to Dismiss for Lack of Jurisdiction* |
| 03/18/2014 | **Unsigned Order**     Doc ID# 62 |
| | *Order Sustaining Counter Defendant's Motion to Dismiss for Lack of Jurisdiction* |

29



| | |
|---|---|
| 03/18/2014 | Notice    Doc ID# 63 |
| | *Notice of Hearing* |
| 03/18/2014 | Letters |
| | *E-Filing Cover Letter* |
| 04/02/2014 | Jury Fee Paid    Doc ID# 64 |
| | *Notice of Payment Of Jury Fees* |
| 04/02/2014 | Letters |
| | *E-Filing Cover Letter* |
| 04/12/2014 | Response    Doc ID# 65 |
| | *Counter Plaintiff's Response to Counter Defendant's Motion to Dismiss for Lack of Jurisdiction* |
| 04/12/2014 | Order    Doc ID# 66 |
| | *Order on Diogu Kalu Diogu's Motion to Dismiss for Lack of Jurisdiction* |
| 04/12/2014 | Letters |
| | *E-Filing Cover Letter* |
| 04/14/2014 | M/Hearing  (9:00 AM) (Judicial Officer Mullinix, Brenda G) |
| 04/23/2014 | Notice of Appeal    Doc ID# 67 |
| | *Notice of Appeal* |
| 04/23/2014 | Letters |
| | *E-Filing Cover Letter* |
| 04/23/2014 | Non Jury Trial  (9:00 AM) (Judicial Officer Mullinix, Brenda G) |
| 04/23/2014 | Motion    Doc ID# 68 |
| | *Motion for Continuance* |
| 04/23/2014 | Unsigned Order    Doc ID# 69 |
| | *Order for Defendant's Motion for Continuance (Returned on 04/25/14-Cannot Sign Order-Although Not Filed Court Put On Notice A Motion for Recusal was Filed)* |
| 04/23/2014 | Letters |
| | *E-Filing Cover Letter* |
| 04/24/2014 | Unsigned Order    Doc ID# 70 |
| | *Order* |
| 04/24/2014 | Unsigned Order    Doc ID# 71 |
| | *Order* |
| 04/24/2014 | Motion    Doc ID# 72 |
| | *Motion to Disqualify or Rescue Trial Court* |
| 04/24/2014 | Letters |
| | *E-Filing Cover Letter* |
| 04/24/2014 | Letters |
| | *E-Filing Cover Letter* |
| 04/24/2014 | Order    Doc ID# 74 |
| | *Order of Referral* |
| 04/25/2014 | Letters |
| | *Cover Letter from Judge Underwood* |
| 04/25/2014 | Order    Doc ID# 73 |
| | *Order Denying Motion for Recusal-Denied* |
| 04/25/2014 | Certified Copy |
| | *Certified Copies of the Order Denying Motion for Recusal-Denied mailed to Administrative Judge Olen Underwood and Attorneys* |
| 04/25/2014 | Letter from Clerk |
| | *Certified Copy of Notification of Recusal Mailed to Honorable Olen Underwood Regional Presiding Judge and Attorneys* |
| 04/25/2014 | Motion    Doc ID# 75 |
| | *Motion to Strike From Non-Jury Docket and All Records Ensuing From the Aborted Non-Jury Trial* |
| 04/25/2014 | Motion    Doc ID# 76 |
| | *Motion For Reconsideration* |
| 04/25/2014 | Unsigned Order    Doc ID# 77 |
| | *Order (Motion to Strike from Non-Jury Docket)* |
| 04/25/2014 | Letters |
| | *E-Filing Cover Letter* |
| 04/28/2014 | Non Jury Trial  (9:00 AM) (Judicial Officer Mullinix, Brenda G) |
| 04/28/2014 | Unsigned Order    Doc ID# 78 |
| | *Order* |
| 04/28/2014 | Motion    Doc ID# 79 |
| | *Amended Motion to Stricke from Non-Jury Docket* |
| 04/28/2014 | Motion    Doc ID# 80 |
| | *Amended Motion for Jury Trial to Strike from Non-Jury Docket* |
| 04/28/2014 | Unsigned Order    Doc ID# 81 |
| | *Order* |
| 04/28/2014 | Letters |
| | *E-Filing Cover Letter* |
| 04/30/2014 | Letters |
| | *E-Filing Cover Letter* |
| 05/08/2014 | Exhibit |
| | *Exhibit List for 04.23.14 & 04.28.14* |
| 05/12/2014 | Other Disposition/Non-Final    Doc ID# 82 |
| | *Final Judgment on Yaowapa Ratana Aporn's Counter Claim against Diogu Kalu Diogu II* |
| 05/12/2014 | Entry  (9:00 AM) (Judicial Officer Mullinix, Brenda G) |
| 05/30/2014 | **Request for Findings of Fact and Conclusions of Law**    Doc ID# 83 |
| | *Request For Finding of Facts and Conclusion of Law (Unsigned) with Notice of Hearing (DENIED)* |
| 06/06/2014 | Motion    Doc ID# 84 |
| | *Counter Plaintiff's Motion for Sanctions and Request for Show Cause Hearing Against Diogu K Diogu II* |
| 06/06/2014 | Unsigned Order    Doc ID# 85 |
| | *Order to Show Cause* |

FINANCIAL INFORMATION

30



**Attorney Diogu, Diogu Kalu, II**
Total Financial Assessment 57.00
Total Payments and Credits 57.00
Balance Due as of 06/11/2014 0.00

| 03/27/2013 | Transaction Assessment | | | 16.00 |
| 03/27/2013 | In Person Payment | Receipt # 2013-10324-DCLK | Diogu, Diogu Kalu, II | (16.00) |
| 03/28/2013 | Transaction Assessment | | | 30.00 |
| 04/03/2013 | Transaction Assessment | | | 7.00 |
| 04/03/2013 | In Person Payment | Receipt # 2013-11020-DCLK | Diogu, Diogu Kalu, II | (37.00) |
| 04/18/2013 | Transaction Assessment | | | 2.00 |
| 04/18/2013 | In Person Payment | Receipt # 2013-13151-DCLK | Diogu, Diogu Kalu, II | (2.00) |
| 02/05/2014 | Transaction Assessment | | | 2.00 |
| 02/05/2014 | In Person Payment | Receipt # 2014-05349-DCLK | Diogu, Diogu Kalu, II | (2.00) |

**Co-Defendant Ratana-Aporn, Ms. Yaowapa**
Total Financial Assessment 48.00
Total Payments and Credits 48.00
Balance Due as of 06/11/2014 0.00

| 04/22/2013 | Transaction Assessment | | | 36.00 |
| 04/22/2013 | In Person Payment | Receipt # 2013-13470-DCLK | Martinez, Mario | (36.00) |
| 02/03/2014 | Transaction Assessment | | | 2.00 |
| 02/03/2014 | E-filing | Receipt # 2014-05008-DCLK | Ratana-Aporn, Ms. Yaowapa | (2.00) |
| 02/28/2014 | Transaction Assessment | | | 2.00 |
| 02/28/2014 | E-filing | Receipt # 2014-09699-DCLK | Ratana-Aporn, Ms. Yaowapa | (2.00) |
| 03/06/2014 | Transaction Assessment | | | 2.00 |
| 03/06/2014 | E-filing | Receipt # 2014-10558-DCLK | Ratana-Aporn, Ms. Yaowapa | (2.00) |
| 04/14/2014 | Transaction Assessment | | | 2.00 |
| 04/14/2014 | E-filing | Receipt # 2014-18363-DCLK | Ratana-Aporn, Ms. Yaowapa | (2.00) |
| 05/01/2014 | Transaction Assessment | | | 2.00 |
| 05/01/2014 | E-filing | Receipt # 2014-21372-DCLK | Ratana-Aporn, Ms. Yaowapa | (2.00) |
| 06/09/2014 | Transaction Assessment | | | 2.00 |
| 06/09/2014 | E-filing | Receipt # 2014-28240-DCLK | Ratana-Aporn, Ms. Yaowapa | (2.00) |

**Counter-Defendant Diogu II, Diogu Kalu**
Total Financial Assessment 369.00
Total Payments and Credits 369.00
Balance Due as of 06/11/2014 0.00

| 03/08/2013 | Transaction Assessment | | | 275.00 |
| 03/08/2013 | Transaction Assessment | | | 48.00 |
| 03/08/2013 | In Person Payment | Receipt # 2013-07717-DCLK | Diogu, Diogu Kalu, II | (323.00) |
| 02/12/2014 | Transaction Assessment | | | 2.00 |
| 02/12/2014 | E-filing | Receipt # 2014-06504-DCLK | Diogu II, Diogu Kalu | (2.00) |
| 03/18/2014 | Transaction Assessment | | | 2.00 |
| 03/18/2014 | E-filing | Receipt # 2014-12599-DCLK | Diogu II, Diogu Kalu | (2.00) |
| 04/02/2014 | Transaction Assessment | | | 32.00 |
| 04/02/2014 | E-filing | Receipt # 2014-15824-DCLK | Diogu II, Diogu Kalu | (32.00) |
| 04/23/2014 | Transaction Assessment | | | 2.00 |
| 04/23/2014 | E-filing | Receipt # 2014-19931-DCLK | Diogu II, Diogu Kalu | (2.00) |
| 04/23/2014 | Transaction Assessment | | | 2.00 |
| 04/23/2014 | E-filing | Receipt # 2014-19974-DCLK | Diogu II, Diogu Kalu | (2.00) |
| 04/24/2014 | Transaction Assessment | | | 2.00 |
| 04/24/2014 | E-filing | Receipt # 2014-20190-DCLK | Diogu II, Diogu Kalu | (2.00) |
| 04/28/2014 | Transaction Assessment | | | 2.00 |
| 04/28/2014 | E-filing | Receipt # 2014-20588-DCLK | Diogu II, Diogu Kalu | (2.00) |
| 05/30/2014 | Transaction Assessment | | | 2.00 |
| 05/30/2014 | E-filing | Receipt # 2014-26846-DCLK | Diogu II, Diogu Kalu | (2.00) |

**Defendant or Respondent Charoentheerasak, Thitiphasr**
Total Financial Assessment 4.00
Total Payments and Credits 4.00
Balance Due as of 06/11/2014 0.00

| 04/24/2014 | Transaction Assessment | | | 2.00 |
| 04/24/2014 | E-filing | Receipt # 2014-20194-DCLK | Charoentheerasak, Thitiphasr | (2.00) |
| 04/25/2014 | Transaction Assessment | | | 2.00 |
| 04/25/2014 | E-filing | Receipt # 2014-20521-DCLK | Charoentheerasak, Thitiphasr | (2.00) |

31